IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10cv001

| | |
|---|---|
| SHERRY E. LEWIS,       )<br>                         )<br>     Plaintiff,         )<br>                         )<br>     vs.                 )<br>                         )<br>MICHAEL J. ASTRUE, Commissioner )<br>of Social Security,      )<br>                         )<br>     Defendant.          )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court *sua sponte* to consider, pursuant to Local Rule 83.1(D), the admission status of attorneys who have made an appearance on behalf of Plaintiff.

Plaintiff's Complaint [Doc. 1] was filed by C. David Gantt (hereinafter, "Attorney Gantt") who is admitted to the Bar of this Court. Plaintiff's summary judgment brief bears key elements and a format that have become familiar to this Court. Among other things, the signature page for the brief indicates that it has been presented to this Court by attorneys Gantt, Charles Martin, and Perrie Naides even though it bears only the electronic signature of Mr. Gantt. [Doc. 8]. The brief contains the notation in its Certificate of Interested Parties, "Charles L. Martin, Esq., Attorney for Plaintiff," and "Perrie H. Naides, Esq., Attorney for Plaintiff". Attorneys

Martin and Naides, however, are neither counsel of record for the Plaintiff in this case, nor licensed to practice law in this district. They have neither sought nor obtained permission to appear *pro hac vice* in this Court. Under these circumstances this Court must determine whether Attorneys Martin and Naides have been undertaking the unauthorized practice of law or have made an improper appearance in this matter. If so, the brief presented on behalf of the Plaintiff is not properly before this Court.

The Court is aware of recent participation by Mr. Martin in cases in this district. The Court is also aware that Mr. Martin takes the position that he is merely providing "brief writing services" to attorneys similarly situated to Mr. Gantt, rather than representing Social Security plaintiffs such as the Plaintiff herein. See, e.g., Jones v. Astrue, 4:09-205-TLW (D.S.C. 2010); McChesney v. Astrue, 2009 WL 4267076 (D.S.C. 2009); Alverson v. Astrue, 2:08-3092-CMC-RSC (D.S.C. 2009); Mortenson v. Barnhart, 8:07-547-JFA (D.S.C. 2009).

The position taken by Mr. Martin, however, is not well supported by documents filed with this Court. These documents reflect a much more complex relationship between attorneys of record, Mr. Martin and their respective clients. In a number of cases Mr. Martin and the record attorney have filed their time records with this Court in the context of seeking

attorneys fees when they prevailed. Those time records reflect that on some occasions Mr. Martin was involved in the decision of whether the appeal to District Court should be filed, even reflecting an entry for analyzing a given case before the first work performed by the attorney of record as shown thereon. [See, e.g., 2:08cv017, Docs. 21-5 and 21-4, filed 04/26/10; 2:09cv056, Docs. 10-4 and 10-3, filed 05/21/10; 2:04cv255, Docs. 21-5 and 21-4, filed 09/28/05]. Mr. Martin also routinely prepared the petitions under EAJA when they were filed. [See, e.g., 1:09cv320, Doc. 14-2; 2:08cv17, Doc. 21-5; 2:08cv34, Doc. 19-4; 2:09cv27, Doc. 15-4; 2:09cv56, Doc. 10-4]. In some cases, the attorney of record's time consistently represents a fraction of that devoted to a case by Mr. Martin or other attorneys in Mr. Martin's law firm, [Id.; 1:09cv320, Doc. 14-1 and 14-3; 2:08cv17, Doc. 21-4; 2:08cv34, Doc. 19-3; 2:09cv27, Doc. 15-3 and 15-5].

Mr. Martin has also filed affidavits with this Court in Social Security cases identifying himself as "Counsel for the Plaintiff" and "Attorney for Plaintiff." As noted above, on the brief filed in the present case, Attorneys Martin and Naides have identified themselves as "Attorney for Plaintiff." Perrie Naides, who is apparently an associate in Mr. Martin's firm, in an

affidavit filed with this Court identifies Mr. Martin as "*lead counsel* for the plaintiff/appellant." [2:08cv017, Doc. 15-5] (emphasis added).

These facts are inconsistent with an assertion that Attorneys Martin and Naides provide only "brief writing services". On the contrary, they reflect active representation of plaintiffs.

It is the obligation of this Court to participate in the regulation of the practice of law in this District. In Re G.L.S., 745 F.2d 856 (4th Cir. 1984); Fed. R. Civ. P. 83, LcvR 83.1. Acting on that obligation protects the citizens of this District from "quality control problems" enabled by the routine exercise of significant influence over local cases by persons over whom no local authority otherwise can assert credentialing, service of process, and discipline. Hon. G. Ross Anderson, Jr., "Renting Your Law License Can Be Dangerous: Avoiding the Rubber-Stamp Mentality Surrounding *Pro Hac Vice* Admissions", South Carolina Lawyer, March 2010, p. 33; Sanders v. Russell, 401 F.2d 241, 245 (5th Cir. 1968).

This matter has not proceeded far enough for the facts to inescapably demonstrate the active representation of the Plaintiff by the non-admitted attorneys Martin and Naides before this Court. See, N.C. Gen. Stat. §84-2.1. However, given its similarities through this stage to other cases in which Martin has participated, the Court must conclude that the summary

judgment brief filed on behalf of the Plaintiff may not be properly before this Court. In the interests of justice, however, the Court will not strike the brief at this time.

**IT IS THEREFORE ORDERED,** that Attorney Gantt comply with one of the following:

(1) Within 20 days of the entry of this Order, submit a certificate averring that before submitting this summary judgment brief [Doc. 8], he reviewed the transcript record, the law applicable to the case, and provided at least active oversight as to the preparation of the brief, reviewed it upon completion, and presents this brief as his own work product. Upon such submission, the Court will not deem the involvement of Attorneys Martin and Naides to be appearances requiring *pro hac vice* admissions.

OR

(2) If he cannot comply with option 1, withdraw this summary judgment brief [Doc. 8] and, within 30 days of the entry of this Order, submit a new brief that is in compliance with and covered by a certificate fulfilling the terms of option 1.

**IT IS SO ORDERED.**

Signed: July 16, 2010

Martin Reidinger
United States District Judge