# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv001

| | |
|---|---|
| SHERRY E. LEWIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____) | **ORDER OF REMAND** |

**THIS MATTER** is before the Court on the parties' Consent Motion for Reversal and Remand pursuant to Sentence Four of 42 U.S.C. §405(g) [Doc. 16].

Sentence four of 42 U.S.C. §405(g) provides in pertinent part, "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The parties have moved for reversal of the decision of the Defendant and remand for further administrative proceedings.

Specifically, the parties ask that upon remand the ALJ should be instructed to: 1) evaluate the medical opinions from all sources, explain the weight afforded to each opinion, and explain the rationale for the weight allocations; 2) reassess Plaintiff's residual functional capacity, and if such RFC includes any reference to "low stress work" the ALJ shall define such term in specific terms; and, 3) consider the possible effect of Plaintiff's subsequent allowance on the current claim.

Based on the representations of the parties, the Court finds that reversal and remand are appropriate. Melkonyan v. Sullivan, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

**IT IS, THEREFORE, ORDERED** that the parties' Consent Motion for Reversal and Remand pursuant to Sentence Four of 42 U.S.C. §405(g) [Doc. 16] is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is hereby **REVERSED** and the case is **REMANDED**; and

**IT IS FURTHER ORDERED** that upon remand, the Appeals Council remand the case to an Administrative Law Judge ("ALJ") and instruct the ALJ to: 1) evaluate the medical opinions from all sources, explain the weight afforded to each opinion, and explain the rationale for the weight allocations; 2) reassess Plaintiff's residual functional capacity, , and if such

RFC includes any reference to "low stress work" the ALJ shall define such term in specific terms; and, 3) consider the possible effect of Plaintiff's subsequent allowance on the current claim.

A Judgment of Remand is entered simultaneously herewith. The Clerk of Court is notified that this is a final judgment closing the case.

Signed: October 18, 2010

Martin Reidinger
United States District Judge