IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10cv001

| | |
|---|---|
| SHERRY E. LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | ORDER |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees [Doc. 19] and the Defendant's Motion to Hold Plaintiff's Motion for Attorney's Fees in Abeyance [Doc. 20]. Plaintiff's counsel petitions this Court for an award of attorneys' fees in the above-captioned case pursuant to the Equal Access to Justice Act (EAJA).

Plaintiff's underlying motion seeks fees for the services of three attorneys, David Gantt, who is admitted to practice before this Court, Charles Martin, and Perrie Naides. The latter attorneys are not admitted to practice before this Court, and neither sought nor were granted *pro hac vice* admission in this matter. Defendant objects to awarding fees at this

time.

For the reasons discussed herein, and as Plaintiff does not oppose the motion, Defendant's Motion [Doc. 20] is **ALLOWED** and Plaintiff's Motion for Attorneys' Fees [Doc. 19] is held in **ABEYANCE**.

**Background**

Plaintiff brought this action pursuant to 42 U.S.C. 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for benefits under the Social Security Act. In an Order of Remand filed on October 18, 2010, the undersigned reversed the Commissioner's decision denying benefits under sentence four of § 405(g) and remanded the action to the Commissioner. [Doc. 17].

On January 9, 2011, Plaintiff's attorney, David Gantt, filed a Motion for Attorneys' Fees under the EAJA seeking $11,483.59 in fees for 55.4 hours of work. Much of the work, however, was performed by attorneys Charles L. Martin and Perrie Naides. Attorneys Martin and Naides are not licenced to practice law in North Carolina and did not obtain *pro hac vice* status before working on this case. Additionally, attorneys Martin and Naides had been advised in other cases in this and other districts that he should petition for *pro hac vice* status before seeking fees in future cases. In other cases in this district, similarly-situated fee requests have been

reduced by this Court and paid in amounts that compensated only the admitted attorney. Many such fee orders are now on appeal to the Fourth Circuit Court of Appeals. Some are in the process of being, or already, consolidated under the lead case Priestley v. Astrue, 10-1113, a case which presents what the Defendant contends is the principal issue here, the proper compensation for out-of-state attorneys who practice in a district without being admitted or seeking *pro hac vice* admission thereto.

On January 27, 2011, Defendant filed his response to the Motion for Attorney's Fees, which included his Motion to hold in Abeyance [Doc. 20], wherein he objected to the awarding of attorneys' fees in the amount requested as unreasonable because attorneys Martin and Naides failed to comply with local rules regarding admission. For that reason the Defendant asks this Court to withhold ruling on the appropriateness of fees under the EAJA until the Fourth Circuit resolves the pending dispute regarding the EAJA fees.

### Discussion

This Court possesses the authority to hold such a motion in abeyance if resolution of a pending matter will help clarify the current issues or make currently disputed issues moot. *See, e.g.*, Rhines v. Weber, 544 U.S. 269 (2005); U.S. v. Franczak, 8 Fed. App'x 246 (4th Cir. 2001).

It is ultimately the province of this Court to determine whether fees requested under the EAJA are reasonable in a particular case. *See* Hyatt v. Barnhart, 315 F.3d 239 (4th Cir. 2002), 28 U.S.C. § 2412(d)(2)(A)(ii). This reasonableness analysis will clearly be informed by the Fourth Circuit's evaluation of whether it is unjust to compensate out-of-state attorneys who extensively practice in a district while flouting repeated warnings by several federal judges in that district to obtain *pro hac vice* admission.

**IT IS THEREFORE ORDERED** that Defendant's Motion [Doc. 20] is **ALLOWED** and Plaintiff's Motion for Attorneys' Fees under the EAJA [Doc. 19] is held in **ABEYANCE** until the U.S. Court of Appeals for the Fourth Circuit renders a decision in Andria Priestley v. Michael Astrue, Dkt. No. 10-1113.

**IT IS SO ORDERED.**

Signed: February 25, 2011

Martin Reidinger
United States District Judge