# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv001

| | |
|---|---|
| SHERRY E. LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Petition for Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412. [Doc. 19].

## I.     PROCEDURAL HISTORY

The Plaintiff Sherry E. Lewis initiated this action on January 4, 2010, seeking review of the denial of her claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's Complaint on March 8, 2010. [Doc. 3]. Thereafter, the parties filed dispositive

motions on the basis of the administrative record, [Docs. 8, 16], and the Commissioner consented to a remand of this matter. [Doc. 16]. On October 18, 2010, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 17].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of 7,411.69 in full satisfaction of all claims pursuant to 28 U.S.C. §2412(d). The Commissioner does not object to the amount of fees or costs requested. [Doc. 20].

## II. ANALYSIS

Under the EAJA, the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

As noted above, the Commissioner does not contest the Plaintiff's request for fees. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that his position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded. Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of

> qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). In the present case, the parties have agreed that the Plaintiff should be awarded a total of $7,411.69 in fees. Although the Plaintiff has requested an hourly rate in excess of that authorized by the statute, the Defendant does not object to the rate requested, and the Court finds that such rate is warranted due to the increase in the cost of living since 1996, when Congress enacted the statute. See 28 U.S.C. § 2412(d)(2)(A)(ii). Furthermore, upon careful review of counsel's time sheet and affidavit, the Court finds that the number of hours claimed by the Plaintiff's attorney are reasonable. Accordingly, the Court concludes that the Plaintiff's requested fee is justified.

The Plaintiff acknowledges that pursuant to the United States Supreme Court's ruling in Astrue v. Ratliff, 130 S.Ct. 2521, 2526-27, 177 L.Ed.2d 91 (2010), an award of fees under EAJA is payable to the Plaintiff as the prevailing party and are thus subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff may owe to the federal government. The Plaintiff contends that should the Commissioner determine the Plaintiff owes no debt to the government that would require such an offset, the Commissioner should honor Plaintiff's

signed assignment of EAJA fees and pay such fees directly to Plaintiff's counsel, rather than Plaintiff. [Doc. 19 at 3].

The Fourth Circuit has not specifically addressed, and the Ratliff case did not resolve, whether a court may order the payment of a fee award directly to a prevailing party's attorney where the party has executed a valid assignment of any interest in such award. The Tenth Circuit, however, has concluded that a district court is not obligated to acknowledge such assignment, reasoning that a private contractual arrangement between a claimant and his counsel for the assignment of fees "does not overcome the clear EAJA mandate that the award is to [the claimant] as the prevailing party." Winslow v. Astrue, 269 F. App'x 838, 839 (10th Cir. Mar. 18, 2008). The Court finds the reasoning of the Tenth Circuit to be persuasive and most consistent with the Supreme Court's reasoning in Ratliff. Accordingly, the Court concludes that the award of EAJA fees must be awarded directly to the Plaintiff in this case, not the Plaintiff's attorney.

Nevertheless, the assignment of the EAJA award appears to be a knowing and voluntary act on the part of the Plaintiff. [See Doc. 19 at 3-4]. As it does not appear to conflict with the Ratliff ruling, the Court will give effect to this aspect of the parties' agreement and therefore will order that the EAJA

5

award shall be payable to the Plaintiff but mailed to Attorney David Gantt's business address.

It is yet to be determined whether the Plaintiff is entitled to past-due benefits. For this reason, the Court cannot make a determination as to whether an award of fees under § 406(b) would be appropriate at this time. In the event that past-due benefits are awarded on remand, the Plaintiff shall be allowed sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to 42 U.S.C. § 406(b).

## **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Petition for Attorney's Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [Doc. 19] is hereby **GRANTED** and:

(1) The Clerk of Court shall enter judgment in favor of the Plaintiff and against the Defendant in the amount of $7411.69 for attorney's fees awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

(2) The total EAJA award shall be made payable to the Plaintiff but mailed to the business address of Plaintiff's attorney, C. David Gantt.

**IT IS FURTHER ORDERED** that in the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS SO ORDERED.**

Signed: January 10, 2012

Martin Reidinger
United States District Judge